UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| STEVEN WHITE, FRANK BAKER, and IVAN PHILLIPS, | ) ) ) |
| *Plaintiffs*, | ) ) |
| v. | ) Case No. 1:05-cv-162 ) |
| MPW INDUSTRIAL SERVICES, INC., | ) Judge Mattice ) |
| *Defendant*. | ) |

## **MEMORANDUM**

Plaintiffs bring this action against defendant MPW Industrial Services, Inc. ("MPW"), alleging violations of 42 U.S.C. § 1981; Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17; the Tennessee Human Rights Act ("THRA"), Tenn. Code Ann. §§ 4-21-101 to -905; the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219; and the Davis-Bacon Act ("DBA"), 40 U.S.C. § 3142.

Before the Court is defendant's Partial Motion to Dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) with regard to plaintiffs' cause of action under the DBA.

For the reasons stated below, defendant's Partial Motion to Dismiss Plaintiffs' Complaint will be **GRANTED**.

**I.  STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint that fails to state a claim upon which relief can be granted.  The purpose of Rule 12(b)(6) is to permit a defendant to test whether, as a matter of law, the plaintiff is entitled to relief even if everything alleged in the complaint is true.  *Mayer v. Mylod*, 988 F.2d 635, 638 (6th

Cir. 1993). A complaint should not be dismissed for failure to state a claim unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Arrow v. Fed. Reserve Bank*, 358 F.3d 392, 393 (6th Cir. 2004). In making this determination, the Court must construe the complaint in the light most favorable to plaintiff and accept as true all well-pleaded factual allegations. *Id.*; *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999). The Court need not accept as true mere legal conclusions or unwarranted factual inferences. *Id.*

## II. ANALYSIS

The DBA provides that certain federal construction contracts must contain "a provision stating the minimum wages to be paid various classes of laborers and mechanics." 40 U.S.C. § 3142(a). Plaintiffs allege that defendant MPW performed work on projects that were covered by the DBA but failed to pay the required minimum wages to black employees. (Court Doc. No. 36, First Am. Compl. ¶ 11.) Plaintiffs therefore seek "[a]ppropriate relief under the Davis-Bacon Act . . . ." (*Id.* at Prayer for Relief.)

Defendant MPW argues in its motion to dismiss that the DBA does not contain an implied private right of action for plaintiffs to recover back wages and, as a result, that plaintiffs' cause of action under the DBA must be dismissed for failure to state a claim upon which relief can be granted.

Although the Sixth Circuit has not yet addressed this question, many federal courts, including this Court, have held that the DBA does not contain an implied private right of action to recover back wages. *See, e.g.*, *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 85-86 (2d Cir. 2003); *Operating Eng'rs Health & Welfare Trust Fund v. JWJ Contracting Co.*,

135 F.3d 671, 676 (9th Cir. 1998); *Bane v. Radio Corp. of Am.*, 811 F.2d 1504, 1987 WL 35851, at *1 (4th Cir. Feb. 2, 1987); *Weber v. Heat Control Co.*, 728 F.2d 599, 599-600 (3d Cir. 1984); *United States ex rel. Glynn v. Capeletti Bros., Inc.*, 621 F.2d 1309, 1317 (5th Cir. 1980); *Mathiowetz Constr. Co. v. Minn. Dep't of Transp.*, No. CIV 01-548, 2002 WL 334394, at *3 (D. Minn. Feb. 27, 2002); *United States ex rel. Bradbury v. TLT Constr. Corp.*, 138 F. Supp. 2d 237, 240 (D.R.I. 2001); *Mosley v. Starr Elec. Co.*, 542 F. Supp. 1032, 1032 (E.D. Tenn. 1981); *cf. Univs. Research Ass'n, Inc. v. Coutu*, 450 U.S. 754, 772-73 (1981) (The language of § 1 of the DBA "provides no support for the implication of a private remedy."). The Court is aware of other cases in which courts have held that a private right of action does exist under the DBA in certain instances. *See, e.g.*, *McDaniel v. Univ. of Chicago*, 548 F.2d 689, 695 (7th Cir. 1977); *Grzeskowiak v. Dakota Bridge Builders*, 241 F. Supp. 2d 1062, 1064-65 (D.N.D. 2003); *Hartt v. United Constr. Co.*, 655 F. Supp. 937, 939 n.2 (W.D. Mo. 1987), *aff'd*, 909 F.2d 508 (8th Cir. 1990). This Court, however, accepts as sound, and declines to part with, the reasoning of the vast majority of federal courts that have addressed this issue and concluded that the DBA does not contain such an implied private right of action.

Because the DBA does not contain an implied private right of action under which plaintiffs may recover back wages, this Court will **GRANT** defendant's partial motion to dismiss. Plaintiffs' cause of action under the DBA will be **DISMISSED WITH PREJUDICE**.

A separate order will enter.

                                                *s/ Harry S. Mattice, Jr.*
                                                HARRY S. MATTICE, JR.
                                                UNITED STATES DISTRICT JUDGE